I, ARMSTRONG, Judge.
This is an automobile accident personal injury case. The plaintiffs’ car was struck by a car driven by Andrew L. Mills. Mr. Mills was intoxicated at the time of the collision. The plaintiffs sued Mr. Mills and his liability insurer and both of those defendants settled. The plaintiffs also sued the House of Blues New Orleans Restaurant Corporation (“HOB”). HOB was dismissed upon a motion for summary judgment. The plaintiffs appeal that judgment. We affirm.
Summary judgment should be granted when there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. Proc. Art. 966. In the present case, the dispositive facts are undisputed and, *1019 for the reasons we give below, HOB is entitled to judgment as a matter of law.
HOB operates a nightclub in New Orleans. Mr. Mills, at times, worked at HOB. However, it is undisputed that he was on his way home, and not in the course and scope of his work for HOB, at the time of the accident. There is no claim that HOB is vicariously liable for Mr. Mill’s negligence. Instead, the [ 2plaintiffs’ claim against HOB is based upon the fact that Mr. Mills became intoxicated at HOB.
On the night of the accident, Mr. Mills worked as a DJ playing music at HOB. (We will discuss below his status as an independent contractor or an employee.) He drank wine while he was working and became intoxicated. After work, he left HOB and, while still intoxicated and driving home, he struck the plaintiffs’ car.
HOB argues that it is immune from liability for serving alcohol to Mr. Mills under La. R.S. 9:2800.1. We agree. That statute states, in pertinent part:
A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
B. Notwithstanding any other law to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either high or low alcoholic content to a person over the age of the lawful purchase thereof, shall be liable to such person or any other person or to the estate, successors, or survivors of either for any injury suffered off the premises including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.
| pLa. R.S. 9:2800.1 A and B. It is undisputed that HOB was licensed to sell alcohol and that Mr. Mills was of lawful age to consume alcohol. Thus, HOB cannot be held liable for damages caused by Mr. Mill’s intoxication.
The plaintiffs point out that, in Berg v. Zummo, 00-1699 (La.4/25/01), 786 So.2d 708, 714 n. 3, the Supreme Court expressly reserved the question of whether a bar owner can be held liable despite La. R.S. 9:2800.1, for taking an affirmative act, beyond merely selling or serving alcohol, which increases the peril to (or, presumably from) an adult who becomes intoxicated consuming alcohol sold or served by the bar. However, that issue is not presented in the present case because HOB did not take any affirmative act, beyond serving alcohol to Mr. Mills, which increased the peril from Mr. Mills’ intoxication. The only thing that HOB did that in any way contributed to the automobile accident in question was to serve Mr. Mills the alcohol which intoxicated Mr. Mills and, under such circumstances, La. R.S. 9:2800.1 does not allow the imposition of liability.
The plaintiffs’ next argument on appeal is that, regardless of La. R.S. 9:2800.1, HOB could be held liable because, HOB, in its employee manual, voluntarily assumed a duty applicable in this case by (1) forbidding HOB employees from consuming alcohol or being under the influence of alcohol while working and/or (2) instructing HOB employees that HOB bar patrons who became intoxicated at HOB should not be permitted to drive while intoxicated. The plaintiffs’ argument continues to the effect that, having volun *1020 tarily assumed a duty applicable in this case, HOB failed to fulfill that duty and, consequently, can be held liable despite La. R.S. 9:2800.1. We do not decide the question of whether one can, by voluntarily assuming a duty, waive the immunity of La. R.S. 9:2800.1. Nor do we decide the question of whether HOB actually did voluntarily assume |4any duty. We need not address those questions because it is clear that, if HOB did assume any duty, it would not be applicable in this case.
As to the fact that HOB’s employee manual forbids HOB employees from consuming alcohol or being under the influence of alcohol while working, this could not create any duty applicable in this case because (a) Mr. Mills was not working as a employee at HOB at the time he became intoxicated and because (b) the HOB employee manual does not address the issue of employees driving while intoxicated.
As to the first point, there were times when Mr. Mills did work as an employee of HOB, but it is uncontested that HOB employees, while working, were paid by the hour with taxes withheld, kept track of their hours by punching in and out on a time clock, wore HOB uniforms and HOB name tags and were assigned to an HOB department. At the time he became intoxicated at HOB, Mr. Mills was not working as an employee, was being paid a flat lump sum fee for the evening (probably $250) without taxes withheld, was not in uniform, did not have a name tag, was not assigned to an HOB department, was using his own music CD’s and sound equipment and made his own decisions about what music to play. Also, when he was paid for work as a DJ, he was paid by a check separate from his paycheck as an employee. At HOB, performers (or “talent”) such as singers, band members and DJs were not employees and were not made subject to the HOB employee manual. The plaintiffs argue that it is not rational for HOB to draw a distinction between employees and independent contractor performers with respect to consuming alcohol while working. Actually, we can see it as perfectly rational for HOB to forbid its employees from consuming alcohol while working, while making no such proscription as to independent contractors, because employees had | ^different responsibilities, particularly toward customers, than did performers. However, rational or not, it is HOB’s employee manual and HOB can write it to make it applicable, or not, as HOB chooses.
Further, the provisions of the HOB employee manual forbidding HOB employees to consume or be under the influence of alcohol while working, does not address or even mention driving while intoxicated or driving at all. In fact, the manual forbids consumption of alcohol or being under the influence of alcohol “while at work or on the premises” and “during work or while on the property or reporting to work under the influence” of alcohol. Thus, the HOB manual’s alcohol proscription applies only while the HOB employees are actually working and while they are actually on HOB’s premises which shows that the alcohol proscription has nothing to do with driving home which necessarily occurs after work and off the premises. HOB, by controlling its employees’ alcohol-related conduct while at work could not be assuming any duty with respect to their alcohol-related conduct while not at work.
As to the HOB employee manual’s instruction to employees to not allow intoxicated customers (“guests”) to drive, it is undisputed that Mr. Mills was a paid performer and not a customer. Thus, the instruction with regard to intoxicated customers could not create any duty by HOB with respect to Mr. Mill’s driving while intoxicated. The plaintiffs argue that for *1021 HOB to instruct its employees to not allow intoxicated customers to drive, while giving no such instruction with respect to intoxicated performers, is not rational. We do not see it as irrational for HOB to undertake efforts to protect against harm resulting from customers’ intoxication, as HOB was making money by selling alcohol to customers, while assuming that performers, who were there for their own pecuniary purposes, Rshould be responsible for themselves. In any event, we note, again, that it was HOB’s manual and it was up to HOB to decide what instructions to include in it.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.